IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

| | |
|---|---|
| JOSHUA JORDAN, INDIVIDUALLY AND AS ASSIGNEE OF FAITH ACTION CHURCH PARSONAGE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BOB HENRIQUEZ, IN HIS OFFICIAL CAPACITY AS HILLSBOROUGH COUNTY PROPERTY APPRAISER,<br><br>Defendant. | Case No.: 8:25-cv-01800-MSS-CPT<br><br>**OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiff Joshua Jordan respectfully moves for leave to file a Verified Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). In support, Plaintiff states:

**I. INTRODUCTION**

Following this Court's Order on Motion for Clarification dated September 4, 2025, Plaintiff seeks leave to amend to properly plead the facts establishing standing and to clarify that this action challenges ultra vires religious determinations, not tax assessments.

**II. PROPOSED AMENDMENTS**

The Second Amended Complaint will specifically eliminate the two main procedural issues:

1. **Plaintiff has Individual Standing From Direct Harm as Mortgagor on Church Property**

   a. Plaintiff Joshua Jordan is the mortgagor on property at 3306 S Omar Ave, with personal liability exceeding $1 million.

   b. Plaintiff's mortgage includes escrow requiring monthly payment of the annual property taxes.

1

    c. Due to Defendant's ultra vires denial of an automatic religious exemption for the religious property, Plaintiff will pay $2,036.23 monthly ($24,434.81 annually) in additional escrow. To be shown in SAC Exhibits O, R.

    d. Plaintiff faces personal consequences including potential credit damage, risk of foreclosure, and substantially increased monthly payments due to Defendant's unlawful conduct.

    e. As Senior Pastor, Plaintiff additionally suffers religious discrimination and ministerial interference.

    f. These injuries are concrete, particularized, and ongoing.

2. **Explicitly Disclaim Tax Relief**:

    a. NO request for tax refunds, NO adjustments to tax assessment or collection

    b. ONLY seeking declaratory/injunctive relief on unlawful misconduct and ultra vires misconduct

    c. Avoiding any Tax Injunction Act implications

## III. LEGAL STANDARD

Under Rule 15(a)(2), courts "should freely give leave when justice so requires." Leave should be granted absent undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. GOOD CAUSE EXISTS

1. **No Undue Delay**: Case filed July 2025, early procedural stage, **direct response to this Court's invitation to reconsidering standing (Dkt 38, 39), and compliance within <u>24 hours</u> of Court's guidance.**

2. **No Bad Faith**: Good-faith effort to address Court's concerns, responsive to Court's express encouragement to reconsider procedural issues, professional consultation with opposing counsel per Local Rule 3.01(g) (See Exhibit A).

3. **First Amendment Request**: Not repeated failure to cure, and first time specific standing theory raised, **first opportunity to address Court's concerns** about personal vs. assigned standing

4. **No Prejudice**: No discovery commenced; Defendant can respond to amended pleadings

5. **Not Futile**: **Personal mortgage liability establishes clear Article III standing** independent of assignment issues, **annual financial harm of $24,434.81** creates concrete, ongoing injury, **constitutional process challenges belong in federal court**, and amendments directly cure standing issues identified by Court

## V. JUDICIAL EFFICIENCY

Granting leave will:

- **Comply with this Court's September 4 guidance** to reconsider standing
- Resolve standing issues definitively and make the TIA inapplicable
- Focus litigation on constitutional merits
- Avoid potential dismissal and re-filing
- Provide clear framework for proceedings

## VI. CONCLUSION

The proposed amendments will cure any standing deficiencies and clarify the nature of Plaintiff's claims. Justice requires allowing these amendments to ensure constitutional violations receive proper review.

WHEREFORE, Plaintiff respectfully requests this Court grant leave to file the Verified Second Amended Complaint.

Respectfully submitted on September 5, 2025.

> By: /s/ Joshua Jordan
> Joshua Jordan, pro se
> 3306 S Omar Ave.
> Tampa, FL 33629
> joshlegalstuff@gmail.com

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned certifies that on September 4-5, 2025, Plaintiff conferred with Defendant's counsel, William Shepard, regarding this motion. Defendant has stated he opposes.

> By: /s/ Joshua Jordan
> Joshua Jordan, pro se

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a true and correct copy of this document is being served to all parties of record via the ECF electronic filing system.

> By: /s/ Joshua Jordan
> Joshua Jordan, pro se